IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| JORGE ROBLES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No.:  4:20-cv-00079 |
| | § | |
| OLD DOMINION FREIGHT LINE, INC., and | § | |
| BILLY VANCE, JR., | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COME NOW** OLD DOMINION FREIGHT LINE, INC. and BILLY VANCE, JR., Defendants in the above-entitled and captioned cause, and submit their Notice of Removal, and for jurisdiction respectfully shows the following:

1.      These parties are named as Defendants in the case styled *Jorge Robles v. Old Dominion Freight Line, Inc., and Billy Vance, Jr.;* Cause No. 20-09-23684-CVR, pending in the 143rd District Court of Reeves County, Texas (hereinafter "The State Court Action"). The State Court Action arises out of a truck/auto accident that occurred in Reeves County, Texas on or about November 26, 2019. Pursuant to 28 U.S.C § 1446(a) a true and correct copy of all process, pleadings and orders "in The State Court Action are being filed with this Notice, and are attached as Exhibit "A".

2.      In Plaintiff's Original Petition, its operative pleading, Plaintiff is alleged to be "an individual residing in Las Cruces, New Mexico", which upon information and belief, is correct.

1

3.      Plaintiff further alleges that Defendant Vance is "an individual whose last known address is 492 Lake Drive, Fulton, MS, 38843," which is correct. Defendant Vance was, and still is an employee of Defendant Old Dominion, is a citizen of the State of Mississippi, and has in fact resided in Itawamba County, Mississippi at all times pertinent to this suit. Defendant Vance has never resided in the State of Texas.

4.      Plaintiff further alleges that Defendant Old Dominion is "a corporation doing business in the State of Texas." As of the time The State Court Action commenced, this Defendant was, has always been, and currently still is a business incorporated and existing under the laws of the State of Virginia, with its principal place of business in Thomasville, North Carolina. A true and correct copy of the Affidavit of Samuel Faucette is attached as Exhibit "B" and referred to herein as if fully set forth at length. As such, this corporate Defendant is a citizen of either the State of Virginia, or the State of North Carolina.

5.      The State Court Action commenced on September 14, 2020 with the filing of Plaintiff's Original Petition. Defendant Old Dominion was served on November 17, 2020 via its registered agent for service. Defendant Vance was served via the Chairman of the Texas Transportation Commission on November 20, 2020, making this the operative date for the purpose of removal. The removal period is not triggered until a defendant receives service. *McCrary v. Kansas City S. Ry. Co.*, 121 F. Supp. 2d 566, 570 (E.D. Tex. June 15, 2000); *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1999).

6.      Plaintiff's Original Petition "seeks monetary relief, the maximum of which is *over* $200,000, but not more than $1,000,000" (emphasis added). In addition, the petition asserts that Plaintiff suffered damages including medical expenses, pain, mental anguish, physical impairment and loss of earning capacity, both in the past and continuing into the future,

disfigurement, both past and continuing into the future. In this case, Plaintiff has pleaded an unspecified range of damages as being "over $200,000 but not more than $1,000,000."

7.      The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). However, if the state's practice does not permit demands for a specific sum, or permits the recovery of damages in excess of the amount demanded, then a Notice of Removal may assert the amount in controversy. *Id.* § 1446(c)(2)(A)(ii). In addition, Texas District Courts have adopted a "facially apparent" standard to determine whether a case is removable when the initial pleading does not specify the amount in controversy, or in some cases even when it affirmatively specifies an amount *below* the federal jurisdictional limit. *See Salomon v. Wells Fargo Bank, N.A.*, 2010 WL 2545593 at *3–7 (W.D. Tex., June 21, 2010); *Gutierrez v. Swift Transportation Co., Inc.*, 2011 WL 318294 at *2–4 (W.D. Tex. January 8, 2011). A defendant may show that the amount in controversy exceeds the federal limit by either (1) demonstrating that it is "facially apparent" from a petition that the claim likely exceeds $75,000.00, or (2) by setting forth the facts, preferably in the removal petition, that support a finding of the requisite amount. *Gutierrez* 2011 WL 318924 at *2; *see also Grant v. Chevron Philips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). That being said, a Plaintiff must make all information known at the time he files his complaint, and if it is facially apparent from the pleading that the requisite amount in controversy exists, then no post-removal affidavits, stipulations or amendments will deprive the District Court of jurisdiction. *Gutierrez*, 2011 WL 318294 at *5. In this case, Plaintiff has asserted an extensive list of damages, including medical care, lost wages and earning capacity, physical impairment, physical pain, emotional distress, mental anguish and disfigurement, all in the past and continuing in the future. Plaintiff has pleaded this case as being worth over $200,000 but not more than $1,000,000. As such, based on

3

the amount of damages and injuries alleged, and the extensive complaints set forth in the Plaintiff's Original Petition, it appears to be facially apparent that the amount in controversy is in excess of $75,000.00.

8.      This Honorable Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(2) because Plaintiff is a citizen of the State of Texas, Defendant Old Dominion is, for removal purposes, considered a citizen of either the State of Virginia or the State of North Carolina, and Defendant Dunn is a citizen of the State of Georgia, where he has resided at all times pertinent to this suit. As such, there is complete diversity of citizenship between the parties. Also, assuming that Plaintiff demanded the sum in his Original Petition in good faith, then at least $200,000 should be deemed to be the amount in controversy pursuant to 28 U.S.C. § 1446(c)(2).

9.      This Notice is timely filed pursuant to 28 U.S.C. §1446(b), since it was filed within thirty (30) days of the receipt of Plaintiff's Original Petition from which it could first be ascertained that the case was removable, and less than one (1) year after commencement of The State Court Action.

10.     Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. § 1441(a) as the District and Division where The State Court Action is pending.

11.     Pursuant to 28. U.S.C. § 1446(d), Defendant will promptly give all parties written notification of the filing of this Notice, and will also promptly file a copy with the District Clerk of Reeves County, Texas where The State Court Action is currently pending.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that all parties take notice of the above and forgoing removal, that pursuant to the above-referenced authorities this Honorable Court exercise jurisdiction over the parties and subject matter in this

4

case, and that Defendant be granted such other and further relief, general or special, legal or equitable, to which it may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS
SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Fax:    (915) 541-1597
E-Mail:  vereen@mgmsg.com
E-Mail:  hutterer@mgmsg.com

By:_____
   **Darryl S. Vereen**
   State Bar No. 00785148
   **Frederick C. Hutterer III**
   State Bar No. 24100492

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, **Frederick C. Hutterer III**, hereby certify that on this 15th day of December, 2020, I served a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notice of such filing to the following attorney(s) of record: Aaron L. Genthe, Esq., efile@genthelawfirm.com, 12801 N. Central Expressway, Suite 260, Dallas, Texas 75243; Fatima Hassan Salam, Esq., attorney@salampc.com, 701 N. Central Expressway, Building 2, Richardson, Texas 75080.

_____
**Frederick C. Hutterer III**

5