# EXHIBIT A

## CAUSE NO. 20-09-23684-CVR

| | |
|---|---|
| JORGE ROBLES,<br>              Plaintiff, | IN THE DISTRICT COURT |
| v. | 143 RD  JUDICIAL DISTRICT |
| OLD DOMINION FREIGHT LINE,<br>INC., AND BILLY VANCE JR.,<br>             Defendants. | REEVES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED WRITTEN DISCOVERY TO DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, JORGE ROBLES, and file this his Original Petition With Attached Written Discovery to Defendant, complaining of Defendants OLD DOMINION FREIGHT LINE, INC. AND BILLY VANCE JR.  For cause of action, Plaintiff would show this Honorable Court as follows:

### I.  DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery pursuant to a level three discovery control plan.

### II. PARTIES

Plaintiff JORGE ROBLES is an individual residing in Las Cruces, New Mexico.

Defendant OLD DOMINION FREIGHT LINE, INC., is a Texas corporation

and may be served through its registered agent for service of process:  CT Corporation System, 1999 Bryan Street., Suite 900, Dallas, Texas 75201.

Defendant, BILLY VANCE JR is an individual whose last known address is 492 Lake Drive, Fulton MS, 38843.  Pursuant to Tex. Civ. Prac. & Rem. Code Chap. 17, Subchapter D, service of process may be obtained on Defendant by serving two (2) copies of this pleading and the citation, issued in the name of the Defendant, BILLY VANCE JR, with the Chair of the Texas Transportation Commission listed as the Agent of Service:

Bruce Bugg Jr., Chairman

Texas Transportation Commission

125 E. 11th Street

Austin, Texas 78701-2483

As to the Defendant that is an entity (partnerships, unincorporated associations, incorporated associations, or other entities), or individuals doing business under an assumed name, Plaintiff brings this suit in said Defendant's partnership, assumed or common name under Rule 28 of the Texas Rules of Civil Procedure.  Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff reserves the right to substitute the true name of said Defendant at a later time.

### III.   VENUE

This suit is brought in accordance with the laws of the State of Texas, for the recovery of damages which are within the jurisdictional limits of this Court, to which Plaintiff is entitled to receive as compensation for the

injuries described below. The Court has continuing jurisdiction over Defendant because Defendant committed a tort in whole or in part in the State of Texas. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that damages are within the jurisdictional limits of this Court. Further, as required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages, harms and losses sought by Plaintiff are in an amount within the jurisdictional limits of this Court. Plaintiffs' counsel is required by Rule 47(c) of the Texas Rules of Civil Procedure to state the amount of damages, in dollar amount, that represent Plaintiffs' harms and losses suffered due to the negligence of the Defendant. The legislative history of this requirement indicates that it is for record keeping and statistical purposes only for lawsuits filed in the State of Texas.

At this time, no discovery has been conducted and Plaintiffs' assertion is made upon knowledge and belief at the time of filing and reserves the right to amend as more information and discovery becomes available. Plaintiffs' counsel states that Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. The amount of monetary relief actually assessed by the jury or judge, however, will ultimately be determined by a jury or judge after hearing all of the evidence of harms, damages and losses and Plaintiff implicitly trusts the judgment of the good and fair judge or jury as the representatives of our community. Ultimately, Plaintiff will ask a judge or jury of Plaintiffs' peers to assess a fair and reasonable amount of

money damages as compensation for Plaintiffs' injuries

Venue is proper in REEVES COUNTY, Texas pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(1) because all or a substantial part of the events giving rise to this cause of action occurred in REEVES COUNTY, Texas.

## IV.   FACTS

This lawsuit results from a collision that occurred on or about November 26, 2019 in Pecos, Reeves County, Texas.  The incident occurred at Stripes, located at 2600-2612 Highway 17, Pecos, Texas 79722.  At the time of the incident, Plaintiff was resting in the bed of his tractor-trailer when Defendant, BILLY VANCE JR., who was operating a tractor trailer collided with Plaintiff vehicle.  Defendant, BILLY VANCE JR., fled the scene of the collision without rendering aid or providing the necessary information.   As a direct and proximate result of this negligence, Plaintiff sustained personal injuries. Defendant, OLD DOMINION FREIGHT LINE, INC., is vicariously liable for the negligence of BILLY VANCE JR. under the statutory employment doctrine as well as the doctrine of respondeat superior.

OLD DOMINION FREIGHT LINE, INC. is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration.   OLD DOMINION FREIGHT LINE, INC. hired, qualified, and retained BILLY VANCE JR. as a truck driver.  At all times relevant to this lawsuit, BILLY VANCE JR. was acting in the course and scope of his actual and/or statutory

employment with OLD DOMINION FREIGHT LINE, INC.

## V.    CAUSES OF ACTION

At the time of the collision, Defendant, BILLY VANCE JR., was operating his vehicle in a negligent manner. Specifically, Defendant, Billy Valance, Jr., failed to keep a proper lookout for the Plaintiff's safety, failed to timely apply the brakes of his vehicle, failed to turn his vehicle to the left or right to avoid the collision, operated his vehicle at a rate of speed that was greater than that that would have been operated by a person or ordinary prudence, failed to take proper evasive action, failed to remain reasonably attentive to the traffic, failed to main a clear and reasonable distance between his vehicle and Plaintiff's vehicle, failed to sound his horn, failed in his attention to the operation of his vehicle. Defendant was also medically unfit to operate his vehicle and may have been using a prohibited cellular communication device at the time of the collision.

Based on the facts of this wreck, it appears that BILLY VANCE JR. may have been fatigued or driving in violation of the hours-of-service regulations. It further appears that OLD DOMINION FREIGHT LINE, INC. may have been negligent in its entrustment of a tractor-trailer to BILLY VANCE JR., and in the qualification, hiring, training, supervision, and retention of BILLY VANCE JR.

This wreck and the negligence of Defendants proximately caused Plaintiff's injuries.

## VI.   DAMAGES

Plaintiff seeks to recover the following elements of damages, which were proximately caused by Defendants' negligence:

1.   Medical care, past and future;

2.   Lost wages and earning capacity, past and future;

3.   Physical impairment, past and future;

4.   Physical pain, emotional distress, and mental anguish, past and future; and

5.   Disfigurement, past and future.

Plaintiff also seek to recover prejudgment interest, post-judgment interest, and court costs.

## VII.   REQUESTS FOR DISCLOSURES

Defendants, OLD DOMINION FREIGHT LINE, INC. AND BILLY VANCE JR., are each requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

## VIII.

# INTERROGATORIES TO DEFENDANT OLD DOMINION FREIGHT LINE, INC.

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant OLD DOMINION FREIGHT LINE, INC.. Defendant's response is due within fifty (50) days from the date of service thereof.   Plaintiff also request that Defendant continue to supplement its responses to these Interrogatories as provided for by the

Rules. **In these requests Plaintiff refers to the driver who fled the scene of the incident. In the event that Defendant, Vance Jr., was not the driver, please substitute the correct drivers name.**

Interrogatory 1.   Please state how you contend the collision in question occurred.

RESPONSE:

Interrogatory 2.   Please state the positions held, general job descriptions, and lengths of employment of Defendant BILLY VANCE JR. at the time of the collision in question.

RESPONSE:

Interrogatory 3.   Please state the full extent of any training, education, or experience concerning driving techniques or principles Defendant BILLY VANCE JR. has received.

RESPONSE:

Interrogatory 4.   Was Defendant BILLY VANCE JR. acting in the course and scope of his employment with OLD DOMINION FREIGHT LINE, INC. at the time of the collision made the basis of this lawsuit?  If you are contending that Defendant BILLY VANCE JR. was not acting in the course and scope of employment for OLD DOMINION FREIGHT LINE, INC. at the time of the collision, please state exactly why you are making such contention.

RESPONSE:

Interrogatory 5.  If the vehicle driven by Defendant BILLY VANCE JR. that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

RESPONSE:

Interrogatory 6.  Please list all traffic accidents in which Defendant BILLY VANCE JR. has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

RESPONSE:

Interrogatory 7.  Please give a description of all traffic violations for which Defendant BILLY VANCE JR. has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

RESPONSE:

Interrogatory 8  With respect to collisions or accidents involving one of OLD DOMINION FREIGHT LINE, INC.'s vehicles and/or a driver employed by you or under contract with OLD DOMINION FREIGHT LINE, INC., please state:

a.  When the driver is required to make a report and to whom;

b.  A description of any written report required to be made by any person with OLD DOMINION FREIGHT

LINE, INC. and/or the driver;

c.   Where and in whose custody such reports are kept;

d.   When a driver must submit for a drug test by giving a urine sample; and

e.   When such report must be reported to the federal government.

RESPONSE:

Interrogatory 9.   Did Defendant BILLY VANCE JR. receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If Defendant BILLY VANCE JR. paid the ticket, did he plead guilty? What court did BILLY VANCE JR. have to appear in or call to resolve the citation or ticket?

RESPONSE:

Interrogatory 10. Do you contend that someone other than Defendant BILLY VANCE JR. did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

RESPONSE:

Interrogatory 11. Please state the date on which you first subjectively believed that there was a substantial chance that litigation

would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective relief?

RESPONSE:

Interrogatory 12: What does Defendant OLD DOMINION FREIGHT LINE, INC. do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations? If OLD DOMINION FREIGHT LINE, INC. uses any type of computer program or third-party service to audit logs, please identify the program or service.

RESPONSE:

Interrogatory 13: Does Defendant OLD DOMINION FREIGHT LINE, INC. use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

RESPONSE:

Interrogatory 14: For any cell phone used by or issued to Defendant BILLY VANCE JR. during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, please identify the cell phone carrier and the cell phone number.

RESPONSE:

## IX.

## INTERROGATORIES TO DEFENDANT BILLY VANCE JR.

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197 propound the following Interrogatories to Defendant BILLY VANCE JR. Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiff also request that Defendant continue to supplement Defendant's responses to these Interrogatories as provided for by the Rules.

Interrogatory 1. Please state how you contend the collision in question occurred.

RESPONSE:

Interrogatory 2. Please state any and all the positions held, general job descriptions, and lengths of employment of BILLY VANCE JR. at the time of the collision in question.

RESPONSE:

Interrogatory 3. Please state the full extent of any training, education, or experience concerning driving techniques or principles Defendant BILLY VANCE JR. has received.

RESPONSE:

Interrogatory 4. Was Defendant BILLY VANCE JR. acting in the course and scope of his employment with Defendant OLD DOMINION FREIGHT LINE, INC. at the time of the collision made the basis of this lawsuit?    If you are contending that

Defendant BILLY VANCE JR. was not acting in the course and scope of employment for Defendant OLD DOMINION FREIGHT LINE, INC. at the time of the collision, please state exactly why you are making such contention.

RESPONSE:

Interrogatory 5. If the vehicle driven by Defendant BILLY VANCE JR. that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

RESPONSE:

Interrogatory 6. Please list all traffic accidents in which Defendant BILLY VANCE JR. has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

RESPONSE:

Interrogatory 7. Please give a description of all traffic violations for which Defendant BILLY VANCE JR. has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

RESPONSE:

Interrogatory 8 With respect to collisions or accidents involving one of Defendant OLD DOMINION FREIGHT LINE, INC.'s vehicles and/or a driver employed by Defendant OLD DOMINION

FREIGHT LINE, INC.'s or under contract with Defendant OLD DOMINION FREIGHT LINE, INC., please state:

    a.    When the driver is required to make a report and to whom;

    b.    A description of any written report required to be made by any person with Defendant OLD DOMINION FREIGHT LINE, INC. and/or the driver;

    c.    Where and in whose custody such reports are kept;

    d.    When a driver must submit for a drug test by giving a urine sample; and

    e.    When such report must be reported to the federal government.

RESPONSE:

**Interrogatory 9.**  Did Defendant BILLY VANCE JR. receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If Defendant BILLY VANCE JR. paid the ticket, did he plead guilty?  What court did Defendant BILLY VANCE JR. have to appear in or call to resolve the citation or ticket?

RESPONSE:

**Interrogatory 10.** Do you contend that someone other than Defendant BILLY VANCE JR. did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please

state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

RESPONSE:

Interrogatory 11. Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective relief?

RESPONSE:

Interrogatory 12: What does Defendant OLD DOMINION FREIGHT LINE, INC. do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations?    If Defendant OLD DOMINION FREIGHT LINE, INC. uses any type of computer program or third-party service to audit logs, please identify the program or service.

RESPONSE:

Interrogatory 13: Does Defendant OLD DOMINION FREIGHT LINE, INC. use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored,

and how long the data is retained.

RESPONSE:

Interrogatory 14: For any cell phone used by or issued to Defendant BILLY
VANCE JR. during the time period starting one hundred
eighty (180) days before the wreck and ending fourteen
(14) days after the wreck, please identify the cell phone
carrier and the cell phone number.

RESPONSE:

## X.

## REQUESTS FOR PRODUCTION TO DEFENDANTS OLD DOMINION FREIGHT LINE, INC. AND BILLY VANCE JR.

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff request
that, within the time prescribed by law, Defendants OLD DOMINION
FREIGHT LINE, INC. and Defendant BILLY VANCE JR. produce and permit
Plaintiff to inspect and copy the documents and things described in the
requests below, and as instructed below.  Plaintiff request that Defendants
produce the documents to Plaintiff.

1.    Produce any and all documents, including but not limited to invoices,
      repair bills, or estimates, reflecting the damage to any vehicle
      involved in the collision in question.

      RESPONSE:

2.    Produce any and all photographs, videotapes, or other depictions of
      any vehicle involved in the collision in question.

RESPONSE:

3.      Produce any and all photographs of the scene of the collision in question.

RESPONSE:

4.      Produce any and all photographs that you intend to use at trial.

RESPONSE:

5.      Produce any and all photographs, videotapes or other depictions of Plaintiff.

RESPONSE:

6.      Produce any and all photographs, videotapes or other depictions of BILLY VANCE JR..

RESPONSE:

7.      Produce any and all witness statements.

RESPONSE:

8.      Produce any and all statements from any witnesses.

RESPONSE:

9.      Produce any and all statements from any Defendant, Defendant's agents or employees relating to the incident in question.

RESPONSE:

10.     Produce any and all documents related to BILLY VANCE JR.'s employment with OLD DOMINION FREIGHT LINE, INC.

RESPONSE:

11.     Produce any and all documents related to the maintenance, repair,

acquisition, loads, operation or travel of the vehicle involved in the collision in question.  These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports, and other documents obtained regarding the vehicle.

RESPONSE:

12.  Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by BILLY VANCE JR. relating to his employment with OLD DOMINION FREIGHT LINE, INC.

RESPONSE:

13.  Produce any and all pictures, drawings, photographs or videotapes in your possession or subject to your control that are relevant and material to this cause of action, including but not limited to those showing Jorge Robles, any of the vehicles or any part of the vehicles involved in the collision in question, or the location of such collision.

RESPONSE:

14.  Produce any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial.  Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

RESPONSE:

15. Produce any records or documentation (medical or non-medical) concerning BILLY VANCE JR. that would indicate whether he was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

RESPONSE:

17. Produce any records or documentation (medical or non-medical) concerning BILLY VANCE JR. that would indicate that he had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

RESPONSE:

18. Produce any records or documentation (medical or non-medical) that would indicate that BILLY VANCE JR. was a regular user of any illegal substance(s) within one (1) year preceding the collision in question.

RESPONSE:

19. Produce a photostatic copy of the front and back of BILLY VANCE JR.'s current driver's license and any commercial license.

RESPONSE:

20. Produce a copy of any company vehicle use records for the vehicle involved in the collision for the one hundred eighty (180) days

preceding and including the date of the collision in question.

RESPONSE:

21. Produce any documentation concerning BILLY VANCE JR. involving disciplinary actions, demerits, reprimands, or incidents indicating less than satisfactory job performance.

RESPONSE:

22. Produce any and all manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by BILLY VANCE JR. at the time of the collision in question.

RESPONSE:

23. Produce any and all records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that BILLY VANCE JR. was an unsafe driver.

RESPONSE:

24. Produce any and all documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named Defendants with respect to this claim.

RESPONSE:

25. If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of Plaintiff prior to the date you received notice of this lawsuit, please produce any and all correspondence, memoranda,

statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries, or any other documents, as well as any other tangible things that you contend showed an outward manifestation that would indicate there was a substantial chance litigation would ensue.

RESPONSE:

26. Produce any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiff.

RESPONSE:

27. Produce any insurance policies that provide, or may provide, coverage for the collision in question.

RESPONSE:

28. Produce any reservation of rights letters or non-waiver agreements.

RESPONSE:

29. Produce any cell phone bills that would show whether or not BILLY VANCE JR. was using a cell phone on the date of the wreck. This request includes, but is not limited to, cell phone bills for the day of the wreck.

RESPONSE:

30.   Produce any and all cell phone bills and records for any cell phone used by BILLY VANCE JR. for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck

RESPONSE:

31.   Provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication tracking information showing the location of the truck in the incident at issue in this lawsuit for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

32.   Produce any and all expense receipts and reports submitted by BILLY VANCE JR. for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

33.   Produce any and all incident reports generated by BILLY VANCE JR. or OLD DOMINION FREIGHT LINE, INC. regarding the collision at issue in this lawsuit.

RESPONSE:

34.   If, during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, BILLY

VANCE JR. drove a truck and/or trailer different than the ones at issue in this lawsuit, provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication and OmniTRACS tracking information showing the location of the truck and trailer driven by BILLY VANCE JR. for that time period.

RESPONSE:

35. Produce BILLY VANCE JR.'s log books for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

36. Produce OLD DOMINION FREIGHT LINE, INC.'s complete driver qualification file on BILLY VANCE JR.

RESPONSE:

37. Produce any and all personnel files, accident files, and other files and documents that OLD DOMINION FREIGHT LINE, INC. maintains or possesses regarding BILLY VANCE JR.

RESPONSE:

38. Produce any and all fuel receipts, bills of lading, weigh tickets, and toll receipts for any vehicle operated by BILLY VANCE JR. during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

39. Produce any and all Qualcomm records and data regarding any vehicle operated by BILLY VANCE JR., and any communications to and from BILLY VANCE JR., for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.
RESPONSE:

40. Produce any and all documents and data that shows the speed, location, ignition status, brake status, acceleration, deceleration, sudden stops, and other information regarding any vehicle operated by BILLY VANCE JR. during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck. The scope of this request includes, but is not limited to, "black box" data, crash data recorders, OmniTRACS data, Qualcomm data, GPS data, XATA data, JETT-Track, DriveOk, FleetMatics, Fleet Management Solutions, Fleetilla, Shadow Tracker, Trimble, and any other data source.
RESPONSE:

41. Produce any and all monthly log summary sheets for BILLY VANCE JR. for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.
RESPONSE:

42. Produce any and all notice of logging violations for BILLY VANCE JR. for the period starting one hundred eighty (180) days before the

wreck and ending fourteen (14) days after the wreck.

RESPONSE:

43.   Produce the accident register for OLD DOMINION FREIGHT LINE, INC.

RESPONSE:

44.   Produce any and all safety performance history records regarding
      BILLY VANCE JR..

RESPONSE:

45.   Produce any and all driver's vehicle inspection reports completed by
      BILLY VANCE JR. for the period starting one hundred eighty (180) days
      before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

46.   Produce any and all pretrip check lists completed by BILLY VANCE JR.
      for the period starting one hundred eighty (180) days before the
      wreck and ending fourteen (14) days after the wreck.

RESPONSE:

47.   Produce the vehicle accident kit issued to BILLY VANCE JR..

RESPONSE:

48.   Produce an exemplar blank vehicle accident kit used by OLD
      DOMINION FREIGHT LINE, INC.

RESPONSE:

49.   Produce any and all dispatch and trip reports regarding any vehicle
      operated by BILLY VANCE JR. for the period starting one hundred

eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

50. Produce any and all trip cost report envelopes for any vehicle operated by BILLY VANCE JR. for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

51. Produce any and all OmniTRACS data regarding any vehicle operated by BILLY VANCE JR. for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

52. Produce copies of all documents obtained by deposition on written question or subpoena.

RESPONSE:

53. Produce any and all documents regarding any audits or examinations performed of OLD DOMINION FREIGHT LINE, INC. by any state or federal agency, including but not limited to any state department of transportation, any state department of motor vehicle, the U.S. Department of Transportation, and the Federal Motor Carrier Safety Administration.

RESPONSE:

Respectfully submitted,
**THE GENTHE LAW FIRM**

BY:_____
   AARON L. GENTHE
   State Bar No. 24093610
   efile@genthelawfirm.com
   12801 N. Central Expressway, Suite 260
   Dallas, Texas 75243
   Phone:    (214)957-0898
   Fax:  (469)788-7645

      **ATTORNEY FOR PLAINTIFF**


Respectfully submitted,
**SALAM AND ASSOCIATES**

   /s/Fatima Hassan Salam
BY:_____
   FATIMA HASSAN SALAM
   State Bar No. 09201940
   attorney@salampc.com
   701 N. Central Expwy, Bldg 2
   Richardson, Texas 75080
   Phone:    (972)437-1900
   Fax:  (972)437-2027

      **ATTORNEY FOR PLAINTIFF**

11/18/2020 5:10 PM
Pat Tarin
DistrictClerk
Reeves County, Texas
Misty Thomas

# FOR RETURN

PAT TARIN
REEVES COUNTY DISTRICT CLERK
143RD DISTRICT COURT
PO BOX 848
PECOS, TX 79772

ATTORNEY FOR PLAINTIFF
OR PLAINTIFF:
AARON L GENTHE
12801 N. CENTRAL EXPRESSWAY, STE. 260
DALLAS, TX 75243

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

GREETING: Defendant

**OLD DOMINION FREIGHT LINE, INC.**
**REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN ST., STE. 900**
**DALLAS, TX 75201**

You are hereby commanded to appear by filing a written answer to the Plaintiff's ORIGINAL PETITION WITH ATTACHED WRITTEN DISCOVERY TO DEFENDANTS at or before ten o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court of Reeves County, Texas at the Courthouse of said County in Pecos, Texas, filed on SEPTEMBER 14,2020, in this case, numbered **20-09-23684-CVR** on the docket of said court, and styled:

*JORGE ROBLES*
*VS.*
*OLD DOMINION FREIGHT LINE, INC.*
*BILLY VANCE JR.*

The nature of Plaintiff's demand is fully shown by a true and correct copy of said Plaintiff's Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Pecos, Texas, this 15th day of September, 2020.

ATTEST: PAT TARIN, DISTRICT CLERK
143RD DISTRICT COURT
REEVES COUNTY, TEXAS

BY: _____
MISTY THOMAS, DEPUTY

CITATION - REGULAR

20-09-23684-CVR
Plaintiff's ORIGINAL PETITION WITH ATTACHED WRITTEN DISCOVERY TO DEFENDANTS

## SHERIFF'S RETURN

Came to hand the ___17___ day of _Nevember_ , 20_20_ at _8:30_ o'clock _A_ .M., and executed in
_Dallas_ County, State of ___TX___ . I do hereby CERTIFY that I delivered to the
below-named Defendant (or Respondent), in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with this accompanying true and correct copy of the petition, to-wit:

| NAME | DATE MONTH/DAY/YEAR | HOUR/MIN | PLACE |
|---|---|---|---|
| Old Dominion Freightline Inc | 11/17/2020 | 1:10 pm | 1999 Bryan St. Ste Sew Dallas, TX 75101 |
| Registered agent CT Corporation System through Terri Thompson | | | |

Not executed for the following reason: _____

_____ . Information received

as to the whereabouts of the said Defendant (or Respondent) is: _____

_____

I am a disinterested person competent to make oath of the fact.

The distance actually traveled by me in serving such process was _____ miles:
Total fee for serving this citation . . . $ _75-00_ _____

To certify which, Witness my hand officially.

SHERIFF of _____ County
State of _____

BY: _____ Badge B. 31300 , ~~DEPUTY~~

_John Buford Jr_

Printed Name of ~~Deputy~~

Subscribed and sworn to by _John Buford Jr._
__18__ date of _November_ , 20 _20_ , to certify which, witness my hand and seal of
office.

_Jacqueline Rendon_

TO BE USED BY OFFICER OR AUTHORIZED PERSON SERVING THIS CITATION OUT OF STATE.
(THE PARTY SERVING THIS CITATION SHALL SIGN AND SWEAR TO THE ABOVE RETURN BEFORE A NOTARY PUBLIC OR OTHER OFFICE
AUTHORIZE TO TAKE AFFIDAVITS.)

### CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____
_____ on the _____ day of _____ , 20 _____ , at _____ o'clock _____ . M. this copy of this
instrument.

State of _____
By: _____ Deputy

11/30/2020 10:55 AM
Pat Tarin
DistrictClerk
Reeves County, Texas
Misty Thomas

# FOR RETURN

PAT TARIN
REEVES COUNTY DISTRICT CLERK
143RD DISTRICT COURT
PO BOX 848
PECOS, TX 79772

ATTORNEY FOR PLAINTIFF
OR PLAINTIFF:
AARON I. GENTHE
12801 N. CENTRAL EXPRESSWAY, STE. 260
DALLAS, TX 75243

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do
not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the
expiration of twenty days after you were served this citation and petition. a default judgment may be taken
against you."

GREETING: Defendant        BILLY VANCE JR
                           REGISTERED AGENT
                           BRUCE BUGG JR., CHAIRMAN
                           TEXAS TRANSPORTATION COMMISSION
                           125 E. 11TH ST.
                           AUSTIN, TX. 78701-2483

You are hereby commanded to appear by filing a written answer to the Plaintiff's **ORIGINAL PETITION
WITH ATTACHED WRITTEN DISCOVERY TO DEFENDANTS** at or before ten o'clock a.m. of the
Monday next after the expiration of twenty days after the date of service of this citation before the Honorable
District Court of Reeves County, Texas at the Courthouse of said County in Pecos. Texas, filed on
SEPTEMBER 14,2020, in this case. numbered **20-09-23684-CVR** on the docket of said court. and styled:

### *JORGE ROBLES*
### *VS.*
### *OLD DOMINION FREIGHT LINE, INC.*
### *BILLY VANCE JR.*

The nature of Plaintiff's demand is fully shown by a true and correct copy of said Plaintiff's Petition
accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the
mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Pecos, Texas, this 15th day of September, 2020.

ATTEST:  PAT TARIN, DISTRICT CLERK
         143RD DISTRICT COURT
         REEVES COUNTY, TEXAS

BY: _____
         MISTY THOMAS, DEPUTY

CITATION – REGULAR

20-09-23684-CVR

Plaintiff's ORIGINAL PETITION WITH ATTACHED WRITTEN DISCOVERY TO DEFENDANTS

### SHERIFF'S RETURN

Came to hand the _17_ day of _November_, 2020 at _9:00_ o'clock _A_.M., and executed in _Travis_ County, State of _Texas_. I do hereby CERTIFY that I delivered to the below-named Defendant (or Respondent), ~~in person~~, a true copy of this Citation, having first endorsed thereon the date of delivery, together with this accompanying true and correct copy of the petition, to-wit:

| NAME _Billy Vance Jr by_ | DATE MONTH/DAY/YEAR | HOUR/MIN | PLACE |
|---|---|---|---|
| _serving Texas Transportation_ | _11/20/2020_ | _6/33 AM_ | _125 E 11th St_ |
| _Commission by CMRRR 7018-3090 0000-5971-0303_ | | | _Austin, TX 78101-2483_ |

Not executed for the following reason: _____

_____. Information received

as to the whereabouts of the said Defendant (or Respondent) is: _____

_____.

I am a disinterested person competent to make oath of the fact.

The distance actually traveled by me in serving such process was _____ miles:
Total fee for serving this citation . . . $ _75-00_

To certify which, Witness my hand officially.

~~SHERIFF~~ of _____ County
State of _____

BY: _Heather Bork_ PSC#8133 Exp 2/28/22, ~~DEPUTY~~

_Heather Bork_
Printed Name of ~~Deputy~~

Subscribed and sworn to by _Heather Bork_ (the above named) before me this the _25_ date of _November_, 20 _20_, to certify which, witness my hand and seal of office.

[Notary stamp]

_Rendon_

TO BE USED BY OFFICER OR AUTHORIZED PERSON SERVING THIS CITATION OUT OF STATE.
(THE PARTY SERVING THIS CITATION SHALL SIGN AND SWEAR TO THE ABOVE RETURN BEFORE A NOTARY PUBLIC OR OTHER OFFICE AUTHORIZE TO TAKE AFFIDAVITS.)

### CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____
_____ on the _____ day of _____, 20 _____, at _____ o'clock _____. M. this copy of this instrument.

State of _____
By: _____ Deputy

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Billy Vance JR

TEXAS TRANSPORTATION COMMISSION
ATTN: CHAIRMAN
125 E. 11th STREET
AUSTIN, TEXAS 78701-2483

9590 9402 4972 9063 3854 48

2. Article Number (Transfer from service label)

7018 3090 0000 5971 0303

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
CANDY TO     NOV 2 0 2020

D. Is delivery address different from Item 1?   ☐ Yes
If YES, enter delivery address below:     ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ured Mail
☐ ured Mail Restricted Delivery
   or $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

9/14/2020 4:16 PM
Pat Tarin
DistrictClerk
Reeves County, Texas
Misty Thomas



**GENTHE**
Law Firm

September 14, 2020

**_VIA E-FILING_**
143rd Judicial District
100 East 4th Street Second Floor, P.O. Box 848
Pecos, TX 79772
3987 N. Belt Line Road
Irving, Texas 75038

    Re.   Jorge Robles v. Old Dominion Freight Line, Inc., And Billy Vance Jr.; 20-09-23684-CVR

Dear Clerk of Court:

    For the above style and cause number please accept this letter as a Request citation for the Defendant(s).

    Please email the citation to efile@genthelawfirm.com

    Should you have any questions, please feel free to contact our office.

                        Very truly yours,
                        **THE GENTHE LAW FIRM, P.C.**

                        Aaron L. Genthe
                        **Attorney**

12/2/2020 6:05 PM
Pat Tarin
DistrictClerk
Reeves County, Texas
Misty Thomas

CAUSE NO. 20-09-23684-CVR

| | |
|---|---|
| JORGE ROBLES, | § IN THE DISTRICT COURT |
| | § |
| Plaintiff, | § |
| | § |
| v. | § 143RD JUDICIAL DISTRICT |
| | § |
| OLD DOMINION FREIGHT LINE, INC., | § |
| AND BILLY VANCE, JR., | § |
| | § |
| Defendants. | § REEVES COUNTY, TEXAS |

## DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, OLD DOMINION FREIGHT LINE, INC. a Defendant in the above-entitled and captioned cause, and files this Original Answer to Plaintiff's Original Petition and in support of the same, would respectfully show the Court as follows:

I.

Pursuant to Tex. R. Civ. P. 92, Defendant enters its general denial as to Plaintiff's petition and demands strict proof thereof.

II.

Defendant would show that all or part of Plaintiff's claims are barred by Tex. Civ. Prac. & Rem. Code Ann. §41.0105 since Plaintiff may only recover medical expenses actually paid or incurred.

III.

Defendant would show that all or part of Plaintiff's alleged claims are barred by Tex. Civ. Prac. & Rem. Code Ann. § 18.091, since any evidence of wages or economic damages must be presented in an after-tax format.

IV.

Defendant would show that Plaintiff has failed to mitigate his alleged damages and injuries, if any, as that term is defined and understood by law.

V.

Defendant requests trial by jury and reserves the right to amend.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that upon final hearing that it be discharged and allowed to go hence without day and with its costs and that the Court grant Defendant such other and further relief, general or special, legal or equitable, to which Defendant may be justly entitled.

Respectfully submitted.

MOUNCE, GREEN, MYERS
SAFI, PAXSON & GALATZAN, P.C.
P.O. Drawer 1977
El Paso, Texas  79950-1977
Phone:  (915) 532-2000
Fax:   (915) 541-1597
E-Mail:  vereen@mgmsg.com
E-Mail:  hunder@mgmsg.com

By: _____
Darryl S. Vereen
State Bar No. 00785148
Frederick C. Hutterer, III
State Bar No. 24300492

Attorneys for Defendant

DXEK.:565503

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, **Darryl S. Vereen**, hereby certify that on the ____ day of December, 2020, a true and correct copy of the foregoing document filed **electronically** with the clerk of the court in accordance with Texas Rule of Civil Procedure 21a (f)(1) is served on the following parties or attorney(s): Aaron L. Genthe, Esq., efile@genthelawfirm.com, 12801 N. Central Expressway, Suite 260, Dallas, Texas 75243; Fatima Hassan Salam, Esq., attorney@salampc.com, 701 N. Central Expressway, Building 2, Richardson, Texas 75080,

_____

**Darryl S. Vereen**

12/4/2020 2:35 PM
Pat Tarin
DistrictClerk
Reeves County, Texas
Misty Thomas

## CAUSE NO. 20-09-23684-CVR

| | |
|---|---|
| **JORGE ROBLES**<br>    **Plaintiff,** | **IN THE DISTRICT COURT** |
| **v.** | **143RD JUDICIAL DISTRICT** |
| **OLD DOMINION FREIGHT LINE, INC., AND BILLY VANCE JR.,**<br>    **Defendants.** | **REEVES COUNTY, TEXAS** |

## PLAINTIFF'S CERTIFICATE OF WRITTEN DISCOVERY

COMES NOW, Plaintiff, **JORGE ROBLES** and files this, his Certificate of Written Discovery and would show that the following documents were served on all counsel of record.

1.    Plaintiff's Responses to Defendant's Requests for Disclosures;

Respectfully submitted,

**THE GENTHE LAW FIRM**

BY:_____
Aaron Genthe
SBN: 24093610
aaron@genthelawfirm.com
12801 N. Central Expressway, Ste. 260
Dallas, TX 75243
Tel.   (214) 957-0898
Fax:   (469) 788-7645
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on counsel of record in accordance with the Texas Rules of Civil Procedure on 2020-12-04.

Via E-Service
Darryl Vereen
MOUNCE, GREEN, MYERS, SEFI, PAXSON & GALATZAN
100 North Stanton, Suite 1000
El Paso, TX 79999
Tel: (915) 541-1597 / Fax: (915) 541-1597
Attorneys for Defendant,
Old Dominion Freight Line, Inc.

_____
Aaron Genthe